UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY SNELL,

            Plaintiff,            Case No. 1:08-cv-254

v.                                          Honorable Robert J. Jonker

CORRECTIONAL MEDICAL SERVICES,
INC. et al.,

            Defendants.
_____/

## **ORDER**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff filed the following motions: (1) motion to appoint counsel (docket #3), (2) motion to review and serve the complaint (docket #4), and (3) motion to waive Western District of Michigan, Local Civil Rules 5.1 and 5.6(a) (docket #5).

First, Plaintiff has requested a court-appointed attorney. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to

prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel (docket #3) shall be denied.

Second, Plaintiff filed a motion for this Court to review and serve his complaint (docket #4). The Court conducted an initial review of the complaint pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. § 1997e(c). In a separate order, the Court concluded that the complaint was not subject to dismissal and ordered service of the complaint. Plaintiff's motion (docket #4) shall be denied as moot.

Third, Plaintiff filed a motion for this Court to waive the requirements of Western District of Michigan, Local Civil Rules 5.1 and 5.6(a). Local Civil Rule 5.1 requires a cover sheet to be filed with each new civil case. Local Civil Rule 5.6(a) states that civil rights complaints filed by prisoners must be on the form specified by the Court. Plaintiff alleges that he was unable to obtain a civil cover sheet and his civil rights complaint contains all of the information required in the form complaint. Because Plaintiff is proceeding *pro se*, his complaint is subject to a less stringent standard than a complaint drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, Plaintiff's request (docket #5) shall be granted. Accordingly,

IT IS ORDERED that Plaintiff motion for appointment of counsel (docket #3) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to review and serve the complaint (docket #4) is DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiff's motion to waive Western District of Michigan, Local Civil Rules 5.1 and 5.6(a) (docket #5) is GRANTED.


Dated:  April 8, 2008 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge